UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDERNESS WATCH; GREAT OLD BROADS FOR WILDERNESS; FRIENDS OF THE CLEARWATER; and FRIENDS OF THE BITTERROOT<br><br>Plaintiffs,<br><br>v.<br><br>LINDA JACKSON, Forest Supervisor of the Payette National Forest; MARY FARNSWORTH, Regional Forester for the Intermountain Region; and UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>Defendants. | Case No. 1:23-cv-295-CWD<br><br>**ORDER GRANTING STATE OF IDAHO'S MOTION TO INTERVENE AS DEFENDANT** |

Before the Court is a motion to intervene filed by proposed Intervenor State of Idaho, by and through the Idaho Transportation Board and the Idaho Fish and Game Commission. (Dkt. 8.) The motion requests the Court grant the State of Idaho's motion to intervene as a matter of right, or alternatively, to intervene permissively. Fed. R. Civ. P. 24(a), (b).[1]

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the undersigned may exercise jurisdiction in this matter as all named parties have consented to proceed before a Magistrate Judge. (Dkt. 27.) As prospective intervenors are not parties for purposes of Section 636(c)(1), their consent is not necessary for the undersigned to rule on a prospective intervenor's motion to intervene. *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 684 (9th Cir. 2016). The Court notes that the Clerk inadvertently sent a notice of assignment to magistrate judge and requirement to consent to proposed Intervenor State of Idaho. (Dkt. 12.) A new notice will be sent upon the entry of the Court's order.

**ORDER GRANTING STATE OF IDAHO'S MOTION TO INTERVENE AS DEFENDANT - 1**

Plaintiffs and Defendants take no position on the merits of the motion, but Plaintiffs' non-opposition is contingent upon a request that the Court impose conditions on Idaho's participation. (Dkt. 15.)[2] The suggested conditions are as follows: (1) prohibit duplication of arguments already briefed by other parties; (2) refrain from injecting collateral issues; (3) prohibit supplementation of the record; and, (4) page limitations on briefing. (Dkt. 15.) Idaho opposes any prohibition on its ability to fully brief the issues or supplement the record. (Dkt. 18.) Idaho does not, however, oppose reasonable limitations regarding the briefing schedule or page limits, but avers that the parties should have an opportunity to discuss case management and present a briefing schedule to the Court as part of the litigation plan.

The Court will grant Idaho's motion to intervene as a matter of right. Fed. R. Civ. P. 24(a). The Court finds Idaho has met its burden, and satisfies the four criteria under Rule 24(a)(2). *See Animal Legal Def. Fund v. Otter*, 300 F.R.D. 461, 464 (D. Idaho 2014) (citing *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001)); *see also Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (citing Fed. R. Civ. P. 24(a)(2)). These four criteria are: (1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical

---

[2] The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

**ORDER GRANTING STATE OF IDAHO'S MOTION TO INTERVENE AS DEFENDANT - 2**

matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Berg*, 268 F.3d at 817.

First, the application is timely. Idaho filed its motion on September 11, 2023, prior to the appearance of Defendants in this matter, and before the Court conducted a scheduling conference. (Dkt. 8.)[3] None of the parties will be prejudiced by Idaho joining the case.

Second, Idaho has sufficiently explained that it has a significantly protectable interest relating to the property that is the subject of the action. This lawsuit seeks declaratory and injunctive relief finding unlawful the Forest Service's actions to authorize landings and otherwise promote the use, development, and maintenance of four back-country airstrips located in the Frank Church-River of No Return Wilderness.[4] Idaho has set forth its significant protectable interests relating to the regulatory authority, ownership, past operations and management, and the future perpetuation of these four airstrips pursuant to the Central Idaho Wilderness Act of 1980, Pub. L. No. 96-312, July 23, 1980, 94 Stat. 948 ("CIWA"), § 7(a)(1) (requiring the State of Idaho's concurrence with a proposed decision to close any airstrip located in the Frank Church-River of No Return Wilderness); Idaho Code §§ 21-102, 21-104(a) (related to maintenance and

---

[3] The parties represented that they are discussing a proposed resolution of this matter and have requested an extension of the deadline within which to respond to the Complaint, up through February 20, 2024. The Court granted Defendants' motion, and consequently vacated the scheduling conference set for December 6, 2023. (Dkt. 28.)

[4] The four airstrips —Simonds, Vines, Mile Hi, and Dewey Moore—are collectively known as the "Big Creek Four".

**ORDER GRANTING STATE OF IDAHO'S MOTION TO INTERVENE AS DEFENDANT - 3**

operation of airports); and Idaho Const. art. I, § 23 (enshrining the "right to hunt, fish and trap").

Third, Idaho has shown that it is situated such that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests. Plaintiffs' requested relief is for an order enjoining the Forest Service from authorizing third-party maintenance at the Big Creek Four airstrips, and prohibiting all use of the airstrips except for emergency landings. (Dkt. 1.) If granted, this relief would significantly impede Idaho's ability to protect its interests in the airstrips, which it has explained extends beyond emergency landings.

Finally, Idaho has shown that the existing Defendants may not adequately represent Idaho's interests. Idaho has shown that the Forest Service has different priorities than Idaho does, and that Defendants have never had unilateral control over the Big Creek Four airstrips. Considering the airstrips are located within Idaho's borders and are currently used by Idaho for various public safety and other purposes, Idaho has a different set of interests than do the currently named Defendants.

Based on the foregoing, the Court will grant the motion to intervene as a matter of right. The proposed intervenor shall be included as a party in this action.[5]

Turning to Plaintiffs' request that the Court condition Idaho's participation, the Court declines to do so at this time. *See* Fed. R. Civ. P. 24 advisory committee's note ("An intervention of right . . . may be subject to appropriate conditions or restrictions

---

[5] Because the Court finds Idaho has satisfied the criteria for intervention as a matter of right, it declines to address Idaho's alternative argument regarding permissive intervention.

**ORDER GRANTING STATE OF IDAHO'S MOTION TO INTERVENE AS DEFENDANT - 4**

responsive among other things to the requirements of efficient conduct of the proceedings."). Any conditions related to challenges to the administrative record or the briefing of dispositive motions may be discussed as part of the litigation plan, and raised with the Court during the scheduling conference. *See, e.g., Clearwater Cnty. v. U.S. Forest Serv.*, No. 3:13-cv-519, Dkt. 59 (D. Idaho Apr. 27, 2016) (imposing conditions agreed to in the Joint Litigation Plan).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) State of Idaho's Motion to Intervene as Defendant (Dkt. 8) is **GRANTED**.

2) Defendant-Intervenor State of Idaho shall have up to and including February 20, 2024, within which to respond to the Complaint.

Dated: **November 20, 2023**

Candy W. Dale
United States Magistrate Judge