UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDERNESS WATCH; GREAT OLD BROADS FOR WILDERNESS; FRIENDS OF THE CLEARWATER; and FRIENDS OF THE BITTERROOT<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LINDA JACKSON, Forest Supervisor of the Payette National Forest; MARY FARNSWORTH, Regional Forester for the Intermountain Region; and UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>　　　　　Defendants,<br><br>STATE OF IDAHO, by and through the IDAHO TRANSPORTATION BOARD, an agency of the State of Idaho; and the IDAHO FISH AND GAME COMMISSION, an agency of the State of Idaho,<br><br>　　　　　Defendant-Intervenor. | Case No.  1:23-cv-295-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER - 1**

## INTRODUCTION

Before the Court is a motion to intervene filed by the Idaho Aviation Association, Idaho Recreation Council, and Mike Dorris ("Intervenors"). (Dkt. 16). The motion is fully briefed and at issue.[1] For the reasons expressed below, the Court will deny the motion.[2]

## BACKGROUND

Plaintiffs Wilderness Watch, Great Old Broads for Wilderness, Friends of the Clearwater, and Friends of the Bitterroot challenge actions by Federal Defendants U.S. Forest Service to permit, promote, facilitate and carry out maintenance of facilities for private aircraft landings within the Big Creek watershed of the Frank Church-River of No Return Wilderness ("Wilderness") in central Idaho. Compl. ¶ 1. (Dkt. 1.) Plaintiffs claim that the Central Idaho Wilderness Act (CIWA), under the general provisions of the Wilderness Act of 1964, forbid aircraft landings within the Wilderness, with only narrow, specific exceptions. *Id.* ¶ 2. Plaintiffs allege that the Forest Service has acted contrary to the directives of the CIWA and the Wilderness Act by allowing frequent private aircraft landings at four locations in the Big Creek Drainage — Simonds, Vines, Mile Hi, and Dewey Moore, which airstrips are collectively known as the "Big Creek Four". Plaintiffs

---

[1] The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

[2] Pursuant to 28 U.S.C. § 636(c)(1), the undersigned may exercise jurisdiction in this matter as all named parties have consented. (Dkt. 27.) As prospective intervenors are not parties for purposes of Section 636(c)(1), their consent is not necessary for the undersigned to rule on a prospective intervenor's motion to intervene. *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 684 (9th Cir. 2016). The Court notes that the Clerk inadvertently sent a notice of assignment to magistrate judge and requirement to consent to proposed Intervenor. (Dkt. 20.)

**MEMORANDUM DECISION AND ORDER - 2**

further allege that aviation groups and State of Idaho agencies promote and use remote backcountry landing destinations in the Big Creek drainage for motorized recreation pleasure and for wolf hunting efforts, in violation of CIWA. Plaintiffs seek declaratory and injunctive relief pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*; the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*; the National Forest Management Act (NFMA), 16 U.S.C. § 1600 *et seq.*; the Wilderness Act, 16 U.S.C. § 1131 *et seq.*; and CIWA, P.L. 96-312, that the Forest Service's actions to authorize landings and otherwise promote the use, development, and maintenance of the Big Creek Four are unlawful.

On September 11, 2023, the State of Idaho, by and through the Idaho Transportation Board and the Idaho Fish and Game Commission (collectively, "Idaho"), moved to intervene in this matter. (Dkt. 8.) Idaho explained that it had a significant interest in maintaining critical access points to the more than 2.3 million acres of the Wilderness to aid governmental agencies, such as the Idaho Fish and Game Department, in carrying out the "important work of the people and in accessing State-owned lands within the Wilderness boundary." Also, Idaho explained that the Idaho Transportation Board retains regulatory authority over public airstrips and related facilities within the state of Idaho. Neither Plaintiffs nor Defendants opposed Idaho's motion, and the Court granted Idaho's motion to intervene as a matter of right on November 20, 2023. (Dkt. 30.)

Intervenors represent various aviation interests throughout the State of Idaho. The Idaho Aviation Association ("IAA") describes its mission as giving "Idaho a voice in

**MEMORANDUM DECISION AND ORDER - 3**

aviation and, among other aims, striving to preserve Idaho's irreplaceable backcountry airstrips." Mem. at 2. (Dkt. 16-2.) IAA is comprised of more than 1,400 members and is active in promoting or opposing laws, rules, and regulations affecting general aviation. *Id.* The Idaho Recreation Council ("IRC") is an Idaho nonprofit established in 2006 to promote responsible shared use of recreation and access areas and to preserve recreation for generations of Idahoans. *Id.* Mike Dorris is an individual with decades of backcountry flying experience, including personal use of the four airstrips at issue in this litigation, dating back to the late 1960s. Mr. Dorris has regularly flown into the Big Creek Four with hunters, campers, fishermen, and others, including Idaho Fish & Game, the U.S. Forest Service, County commissioners, and an aid to a former U.S. Senator. *Id.*

Intervenors seek to intervene because individual members of the IAA and IRC use the four airstrips for recreational and other purposes, and therefore have a special interest in continuing the use and maintenance of the four backcountry airstrips. On the basis of these interests, Intervenors seek intervention as of right, or alternatively, permissive intervention. Plaintiffs and Defendants oppose intervention on the grounds that Idaho, whose participation neither of them opposed and which the Court granted, will adequately protect Intervenors' interests.

Although Intervenors admit that they share Idaho's interest in defending its rights under the CIWA and in keeping the Big Creek Four open, operable, and maintained, Intervenors claim they can present testimony and evidence in furtherance of those aims that Idaho cannot. Mem. at 9. (Dkt. 16-2.) Intervenors also claim that, without intervention, the Forest Service would be free to settle its dispute with Plaintiffs, which

**MEMORANDUM DECISION AND ORDER - 4**

may result in termination of access by IAA and IRC members, and which would substantially affect Intervenors in a practical sense. Mem. at 9. (Dkt. 16-2.)

## LEGAL STANDARD

Rule 24(a) contains the standards for intervention as of right, and it states in pertinent part: "On timely motion, the court must permit anyone to intervene who:…(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The United States Court of Appeals for the Ninth Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th 2001).

The Court must construe Rule 24(a) liberally in favor of potential intervenors. *Id*. at 818. Moreover, the Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id*. However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

**MEMORANDUM DECISION AND ORDER - 5**

Rule 24(b) governs a party's request to intervene by permission of the Court. This rule provides that, upon timely motion, the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In exercising its discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ANALYSIS

**1.  Intervention as a Matter of Right**

Challenging Intervenors' motion to intervene as a matter of right, Plaintiffs and Defendants focus primarily on the fourth factor. This factor requires an applicant for intervention to demonstrate that "the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). Having granted Idaho's motion, Idaho is now a party. *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 153 (S.D. Cal. 1954) ("[O]nce intervention has been granted the intervener becomes a 'party', within the meaning of the Rules, 'entitled to litigate fully on the merits,'" citing *Park & Tilford v. Schulte*, 160 F.2d 984, 989, n. 1 (2nd Cir. 1947), *cert. denied*, 322 U.S. 761 (1947)).

When an existing party and a proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies. *Freedom From Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011). Such presumption can be rebutted only by "a compelling showing to the contrary." *Id*. An assumption of adequacy also arises when the government is acting on behalf of a constituency that it represents.

**MEMORANDUM DECISION AND ORDER - 6**

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Absent a "very compelling showing to the contrary, it is assumed that the state adequately represents its citizens when the proposed intervenor shares the same interest." *Id*.

When evaluating the adequacy of representation, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg*, 268 F.3d at 822.

Intervenors explain that their participation in this lawsuit is necessary because Intervenors have specialized knowledge of the history of back country flying and decades of knowledge and experience regarding the use, maintenance, and importance of the Big Creek Four. Mem. at 9. (Dkt. 16-2.) For example, Intervenors claim its members have "first-hand knowledge and understanding that the Big Creek Four airstrips were established prior to the Wilderness designation and that, as a result," they were and are to remain operational in perpetuity unless Idaho revokes its written consent. Decl. of George ¶ 10. (Dkt. 16-3.) They claim also that members have extensive experience and knowledge which will "help shape the analysis and outcome of this dispute." Decl. of Mitchell ¶ 6, 8. (Dkt. 16-4.) Last, Mr. Dorris claims he can offer his firsthand knowledge and experience of having regularly flown into the Big Creek Four with recreationists, representatives of Idaho Fish & Game and the U.S. Forest Service, as well as an aid to U.S. Senator Larry Craig. Decl. of Dorris ¶ 4 – 7. (Dkt. 16-5.)

**MEMORANDUM DECISION AND ORDER - 7**

The Court does not find Intervenors' professed historical perspective concerning the use of the Big Creek Four amounts to a compelling showing of inadequate representation by either Idaho or the Forest Service. *See, e.g., Prete v. Bradbury*, 438 F.3d 949, 958 -959 (9th Cir. 2006) (finding defendant-intervenor's professed specialized knowledge insufficient to overcome the presumption of adequate representation by the state). While Intervenors may have some specialized knowledge concerning the history of flying into the Big Creek Four, they provide no evidence that either Idaho or the Forest Service lacks comparable knowledge, or would otherwise be unable to obtain the same information proffered by Intervenors.

Furthermore, this matter will likely be decided based upon the administrative record or records, and the Court's review is limited to "the administrative record already in existence," *Camp v. Pitts*, 411 U.S. 138, 142 (1973), with limited exceptions, *Sw. Ctr. For Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996).[3] However, there is nothing that would prevent Intervenors from offering their historical perspective and specialized knowledge as amicus curiae. *See, e.g.*, *Sawtooth Mountain Ranch LLC v. U.S. Forest Service*, Case No. 1:19-cv-00118-CWD, (Dkt. 18, 19 (D. Idaho May 28, 2019) (allowing special interest recreation group to file as amicus curiae in a suit under the APA).

---

[3] The court may consider extra-record materials in an APA case under four narrow exceptions:

> (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing the record is necessary to explain technical terms or complex subject matter ... [or (4) ] where plaintiffs make a showing of agency bad faith.

**MEMORANDUM DECISION AND ORDER - 8**

Intervenors next argue that, without intervention, the Forest Service would be free to settle its dispute with Plaintiffs, which may result in termination of access by their members to the Big Creek Four airstrips, and which would substantially affect Intervenors in a practical sense. Mem. at 9. (Dkt. 16-2.)[4] The Court does not find this alternative argument convincing in light of Idaho's approved participation. Idaho asserts that it has a legally protected interest, pursuant to both the CIWA and a deed granted to Idaho encompassing a portion of the airstrip at Mile Hi. Mem. at 3. (Dkt. 8-1.) The Forest Service has its own interest in defending its actions under the CIWA. Intervenors' interests, however, appear limited to mere use of the airstrips. Thus, Intervenors would not be required to approve any settlement between the parties concerning their interests. *See United States v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008) (intervenors whose claims are not the subject of a settlement cannot veto that settlement).

Moreover, Intervenors have not sufficiently shown why Idaho would not adequately represent Intervenors' interests in any potential settlement when Idaho has asserted it has a strong interest in preserving use of the Big Creek Four airstrips. Also, Idaho's early filing of its own motion to intervene suggests the State intends to vigorously defend its position, which in turn is aligned with Intervenors' position. *See League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997) (finding no reason to believe that defendants were not adequately representing proposed intervenor's interests).

---

[4] Notably, Intervenors do not include a reference to Idaho with this argument.

**MEMORANDUM DECISION AND ORDER - 9**

Accordingly, although Intervenors' motion was timely and they have interests that may be impaired in this action, they have not made a compelling showing that Idaho – who is now a party defendant in this case – in conjunction with the Forest Service Defendants, will not adequately represent their interests. *Robert Ito Farm, Inc. v. Cnty. of Maui*, No. CIV. 14-00511 BMK, 2014 WL 7148741, at *6 (D. Haw. Dec. 15, 2014) (denying motion to intervene filed by public interest group when another intervenor, who adequately represented the group's interests, was permitted to intervene). *See also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), as amended (May 13, 2003) (determining existing party will adequately represent proposed intervenor's interests).

### 2. Permissive Intervention

Rule 24(b) allows permissive intervention to a non-party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). When a proposed intervenor has met those requirements, "[t]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'" *Perry*, 587 F.3d at 955 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 5652 F.2d 1326, 1329 (9th Cir. 1977)).

The Court finds that Intervenors meet all the requirements for permissive intervention. And, the Court does not find that Intervenors' participation would delay or prejudice the proceedings. But, for the same reasons the Court denied Intervenors'

**MEMORANDUM DECISION AND ORDER - 10**

request to intervene as a matter of right, it will deny their motion for permissive intervention. As explained above, Idaho's goals in this proceeding are broad, and encompass those of Intervenors. Accordingly, Idaho can adequately represent those interests.

The Court will, however, grant Intervenors amicus curiae status if Intervenors so request.[5]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:** Proposed Intervenors' Motion to Intervene as Defendants (Dkt. 16) is **DENIED**.

Dated: **November 20, 2023**

Candy W. Dale
United States Magistrate Judge

---

[5] The Forest Service indicated it would not oppose participation by Intervenors as amicus curiae. Response at 2. (Dkt. 21.)

**MEMORANDUM DECISION AND ORDER - 11**