# Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of the Effective Date (defined below) by and between Defendants U.S. Forest Service, Linda Jackson, and Mary Farnsworth (together, the "Forest Service") and Plaintiffs Wilderness Watch, Great Old Broads for Wilderness, Friends of the Clearwater, and Friends of the Bitterroot.

WHEREAS, on June 20, 2023, Plaintiffs filed the Complaint in Case No. 1:23-cv-295 (D. Idaho), alleging that the Forest Service violated the Wilderness Act, the Central Idaho Wilderness Act, the National Forest Management Act (NFMA) and the National Environmental Policy Act (NEPA) in managing and maintaining the Simonds, Vines, Mile Hi, and Dewey Moore airstrips (the Big Creek Four) in the Frank Church-River of No Return Wilderness;

WHEREAS, counsel for the parties have conferred about the litigation and explored ideas for settlement to resolve the matter informally and without the need for further litigation and to conserve party and judicial resources.

NOW, THEREFORE, Plaintiffs and the Forest Service agree to the following terms of settlement:

**A.    Forest Service Agreements and Obligations:**

1. The Regional Forester will issue a new statement regarding the Big Creek Four Airstrips within sixty (60) days of the Effective Date of this Agreement. The new statement will supersede the Regional Forester's August 10, 2018 "Direction for Big Creek 4 Airstrips" and will specifically clarify that Big Creek Four airstrips are for emergency use only and are not managed as public use landing areas under the current Frank Church-River of No Return Wilderness Management Plan (hereafter the "Management Plan").

2. Pursuant to the Regional Forester's statement above, and within sixty (60) days of receipt of such statement, the Payette National Forest will issue a public notice on its website clearly and specifically identifying the eight airstrips open for public use within the Frank Church-River of No Return Wilderness. The notice will specifically inform the public that Big Creek Four airstrips are for emergency use only and are not managed as public use landing areas under the current Management Plan.

3. The Payette National Forest will prepare appropriate documentation consistent with the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*; the Central Idaho Wilderness Act, Pub. L. No. 96-312, 94 Stat. 948 (1980); the Wilderness Act, 16 U.S.C. § 1131 *et seq.*; and the Management Plan prior to conducting any maintenance on the Big Creek Four airstrips. At least thirty (30) days prior to the commencement of any maintenance activities on the Big Creek Four airstrips, the Forest Service will provide public notice of its authorization of maintenance and release to the public the above-described documentation. The Plaintiffs and the Forest Service agree and acknowledge that the removal of hazards and obstructions such as rocks, branches, or fallen trees from an airstrip does not amount to maintenance under this

1

Agreement. The requirement to provide public notice and release documentation to the public at least thirty (30) days prior to maintenance expires five (5) years after the Effective Date.

    4.    In 2024, the Payette National Forest will initiate monitoring at the Big Creek Four airstrips to assess the aircraft use occurring at these airstrips. This monitoring may include data collected through options such as remote trail cameras, traffic counters, and/or other methodologies or technology to capture seasonal activity at the airstrips. The Forest Service will monitor for five years, and a summary of the data collected will be publicly available annually for the five years following Effective Date.

    5.    <u>Payment of Costs & Fees</u>. The Plaintiffs and the Forest Service agree to settle Plaintiffs' claims for attorney fees and costs in this litigation under the Equal Access to Justice Act, or any other statute. In full and complete satisfaction of any and all claims for attorney fees, the Forest Service shall pay the following amounts as part of settlement of this matter:

    a.    The Forest Service shall pay $20,000 to Plaintiffs by electronic funds transfer into the Lawyer Trust Account of Plaintiffs' counsel. Upon the Effective Date, Plaintiffs' counsel shall provide to the Forest Service's counsel the information necessary to facilitate the payment. The Forest Service shall submit the necessary paperwork for the payment within sixty (60) days after the Effective Date and Plaintiffs' counsel provides the information necessary to facilitate payment.

    b.    Counsel for Plaintiffs shall confirm payment within ten (10) days of receipt. Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the attorney fee award Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

**B.    Plaintiffs' Obligations and Releases**

    1.    <u>Dismissal of Cases</u>. In consideration of the Forest Service's agreements as set forth under section A above, Plaintiffs and the Forest Service agree to jointly move the Court to enter the attached order dismissing Plaintiffs' claims with prejudice (joint motion and proposed order attached hereto).

    2.    <u>Releases re Costs & Fees</u>. Plaintiffs agree that the payment under paragraph A.5 of this Agreement shall constitute satisfaction in full of any claim for costs of suit or attorney fees incurred by Plaintiffs in this matter and that upon such payment Plaintiffs release Federal Defendants from any claims regarding such fees and costs.

**C.    General Provisions**

    1.    <u>Effective Date</u>. The terms of this Agreement shall become effective upon entry of the proposed order dismissing Plaintiffs' claims. The Plaintiffs and the Forest Service agree that the Court retains jurisdiction over this matter solely to enforce the terms of this Agreement, modify its terms as described in Paragraph C.2, or resolve any disputes concerning its

implementation, until the Forest Service satisfies its obligations under the Agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).

      2.      Modification. This Agreement may be modified by the Court upon good cause shown by (i) written stipulation between Plaintiffs and the Forest Service filed with and approved by the Court, or (ii) upon written motion filed by one of the Plaintiffs or the Forest Service and granted by the Court. In addition, the parties acknowledge that the State of Idaho has filed cross claims against the Forest Service related in part to the subject matter of this Agreement. If the Court grants judgment or injunctive relief in favor of the State of Idaho on any of its claims, the Plaintiffs and the Forest Service agree that the Forest Service shall not be required to comply with any provision of this Agreement that is inconsistent with said judgment or injunctive relief. The Plaintiffs and the Forest Service agree to meet and confer within fourteen (14) days of any judgment or injunctive relief in favor of the State of Idaho and will proceed as necessary under (i) or (ii) above.

      3.      Severability. If any of the provisions of this Agreement are inconsistent with a court judgment, injunctive relief, or otherwise unenforceable, the validity of the remaining provisions shall not be adversely affected.

      4.      Execution in Counterparts. This Agreement may be executed in one or more counterparts which, taken together, shall constitute one and the same document.

      5.      Authority to Sign. The undersigned are authorized to execute this Agreement on behalf of their respective parties and have read, understood, and agreed to all of the terms and conditions of this Agreement.

      6.      Facsimile and Scanned Signatures. The parties' signatures to this Agreement may be transmitted by facsimile or by scan and email and shall be deemed binding.

      7.      Integrated Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the parties concerning the subject matter of this Agreement are contained herein.

      8.      Construction. The language in all parts of this Agreement, unless otherwise stated, shall be construed according to its plain and ordinary meaning and, because the Agreement was drafted jointly, shall not be construed to favor either party.

      9.      Governing Law. This Agreement shall be governed by and construed under federal law.

      10.      No Admission of Law or Fact. Nothing in this Agreement shall constitute an admission of fact or law by any party. This Agreement shall not be used or admitted in any proceeding against a party, including any agency or instrumentality of the United States, over the objection of that party.

      11.      Anti-Deficiency. Any obligations of the United States to expend funds under this Agreement are subject to the availability of funds appropriated for such purpose. No provision of

this Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

12. No Contempt. This Agreement may not be enforced through a motion for contempt. The Plaintiffs and the Forest Service agree that any challenge to the agency action contemplated in Paragraph A.3, must be brought though a new judicial action and/or any applicable agency objection process. In entering this Agreement, neither party waives any argument it may have challenging or defending any agency action contemplated under Paragraph A.3.

13. Delivery or Notice of Documents. Any notices or other documents required or provided for by this Agreement or related thereto that are to be provided to any of the parties pursuant to this Agreement shall be sent by e-mail transmission to the signatories of this Agreement.

**IT IS SO AGREED.**

For Plaintiffs:

ADVOCATES FOR THE WEST
PO Box 1612
Boise ID 83701
(208) 342-7024

Date: 06/10/24

Lauren M. Rule (ISB #6863)
Todd C. Tucci (ISB # 6526)
Andrew Hursh (*pro hac vice*)

*Attorneys for Plaintiffs*

For U.S. Forest Service:

JOSHUA D. HURWIT

United States Attorney
District of Idaho
By: CHRISTINE ENGLAND
Digitally signed by CHRISTINE ENGLAND
Date: 2024.06.06 15:41:29 -06'00'

Date: June 6, 2024

Christine G. England
Assistant United States Attorney

*Attorneys for U.S. Forest Service*

4

132